VERON, Judge:
This suit involves an attempt by the Avoyelles Farmers Cooperative, plaintiff herein, to recover damages from the State of Louisiana, through the Department of *879 Agriculture, on the grounds that the State Warehouse Commission was guilty of negligence in granting James Mallett a license to operate a public warehouse and in failing to make proper inspections of said warehouse after licensing Mallett. The trail court rendered judgment in favor of defendant, and plaintiff perfected this appeal.
We affirm.
The issues raised on this appeal by plaintiff-appellant may be summarized as follows:
(1) Did the Warehouse Commission negligently supply incorrect information to plaintiff regarding the amount of grain stored in the Mallett warehouse ?
(2) Did the Warehouse Commission require a sufficient bond for licensing Mal-lett to operate a public warehouse ?
Without belaboring the factual details of the case, the claim of plaintiff results from its having suffered heavy financial losses as a consequence of James Mallett’s actions. In early 1970 plaintiff had stored large amounts of soybeans and rice in Mal-lett’s storage bins. Mallett had installed false bottoms in the bins to give the appearance that far more grain was stored than actually was.
For the period involved herein, three warehouse receipts were written to plaintiff by Mallett. One of these was paid. The evidence also disclosed that plaintiff stored additional grain with Mallett, but no receipts were produced therefor.
During this time the Warehouse Commission conducted several inspections of Mallett’s operations without discovering the false bottoms in the bins. At one point, James Daigrepont, Jr., who was plaintiff’s general manager, contacted Ray J. Cornay, director of the State Warehouse Commission, and requested additional inspections. At that time Cornay suggested that the plaintiff should obtain more security for their deposits if they were skeptical of Mallett.
We agree with the trial judge that at no time did the Warehouse Commission make false or negligently incorrect reports to the plaintiff. The evidence adduced at trial supports the conclusion stated in his written reasons for judgment.
“The entire tenor running throughout Daigrepont’s deposition is that he would have immediately stopped storing with Mallett if proper inspections had not been made by the Commission. The evidence shows that every inspection verified only the amount set forth on the outstanding receipts. These inspection reports were made available to plaintiff, yet it continued to store even though it had no additional receipts and the inspections revealed no additional soybeans. It is difficult to understand why additional deposits were made with Mal-lett without receipt . . . .”
(Emphasis added)
The representations and reports made to plaintiff herein were based on reasonable inspections as required by LSA-R.S. 54:247, subd. B(7), and reflected sufficient grain stored to meet the receipts held by plaintiff. No representations as to the quality of grain stored or as to grain stored without receipts were made. Plaintiff, in short, failed to establish negligence on the part of the Warehouse Commission.
Plaintiff contends nevertheless that the Commission was negligent in licensing Mallett without requiring a sufficient bond to protect the public. LSA-R.S. 54:250 requires a bond of not less than $5,000.00. Mr. Cornay testified that regulations adopted by the Commission required a bond in the amount of ten per cent of the value of the commodity stored times the capacity. We see no manifest error in the trial court’s finding that the $25,000.00 bond required of Mallett met these requirements.
*880 For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
Affirmed.